UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-20375-ALTMAN/REID

DAVID FEINGOLD, *et al*,

Plaintiff,

v.

RICHARD CARDINALE, *et al*,

Defendants.
_______________________________/

**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CONCERNING TIMING AND SEQUENCE OF DISCOVERY UNDER FED. R. CIV. P. 26(d)(3)**

This matter is before the Court on Plaintiffs' Motion for Order Concerning Timing and Sequence of Discovery Under Rule 26(d)(3). [ECF No. 41]. The Court heard from the parties on September 13, 2022, and then ordered Plaintiffs to file a written motion regarding their request to sequence discovery. Plaintiffs have requested to sequence discovery to depose Defendants Richard Cardinale, Vania Cardinale, and corporate representatives from RVCNY, LLC and RVCSI, LLC, before any documents are produced through requests for production and nonparty subpoenas. The Court requested Defendants file a written response to the motion and include in their response an alternative schedule for the proposed discovery and arguments regarding the relevance of the nonparty subpoenas. [ECF No. 33]. The motion is now ripe for review.

## I. Background

Plaintiffs David Feingold and Michael Dazzo and Defendant Richard Cardinale were co-managing members of six special purpose investment funds collectively known as Alternative

Global Companies. [ECF No. 4 at 4]. According to Plaintiffs, Cardinale agreed to maintain the books and records of these companies. [*Id.*]. Plaintiffs allege they withdrew from the companies in January 2022 and demanded the fair value of their membership interests from Cardinale. [*Id.*] To this day, Plaintiffs allege, they have not received their interest in the companies and are thus suing Cardinale for breach of fiduciary duty, conversion, and fraudulent misrepresentation. [*Id.*] Cardinale moved to dismiss the Complaint, and that motion is pending before the district court. [ECF No. 9].

Plaintiffs now seek an order from this Court that would allow them to depose the Defendants before any other discovery is served. [ECF No. 41]. Cardinale, in turn, has served nonparty subpoenas on Davick Capital LLC and Titan Communications Group, LLC. *See* [ECF No. 30, 34]. Cardinale argues Alternative Global Companies transferred funds to Samson Funding LLC, which in turn, transferred funds to an entity managed by Plaintiff Feingold—Davick Capital. [ECF No. 48]. As to Titan Communications, Cardinale argues that the latter secured investors for L3 Capital Income Fund, LLC, an entity related to Alternative Global Companies; and documents obtained from Titan Communications will challenge Plaintiffs' allegation that Cardinale billed Alternative Global Companies for fraudulent administrative expenses. [ECF No. 47]. Davick Capital and Titan Communications have moved the Court to quash the subpoenas or issue a protective order, arguing the subpoenas for depositions and document production are meant to harass Plaintiffs and their business associates. [*Id.*]

Plaintiffs argue in their sequencing motion that if they are not allowed to depose the Defendants first, Cardinale will gain a tactical advantage and will tailor his testimony to documents obtained through requests for production and nonparty subpoenas. [ECF No. 41 at 2]. Essentially, Plaintiffs claim that Cardinale cannot account for the disbursements of funds and will attempt to

substantiate these with business records belonging to other parties. [*Id.*].

Defendants respond that Plaintiffs' sequencing motion should be denied as it amounts to a game of "I'll show my cards, if you'll show yours" and is based on the wrong premise that Cardinale alone was responsible for bookkeeping. [ECF No. 49]. Cardinale adds that Plaintiffs agreed in their joint scheduling report that phased discovery was unnecessary; Plaintiffs have sought none of this information through other discovery; and Plaintiffs will likely ambush Cardinale with unknown information and documents. [*Id.*] Further, Cardinale argues, the Rules of Procedure allow both parties to utilize the discovery process and granting Plaintiffs' motion would result in irremediable prejudice. [*Id.*].

## II. Discussion

"Federal Rule of Civil Procedure 26(d) grants the Court broad discretion to decide the timing and sequence of discovery." *Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674, 675 (S.D. Fla. 2012). The general rule is that parties may use discovery methods in any sequence. *Brown v. Ncl (Bahamas), Ltd.*, Case No. 15-21732-CV, 2015 WL 6673700 at *3 (S.D. Fla. Oct. 30, 2015). But courts retain discretion to control the timing of discovery for the parties' and witnesses' convenience and in the interests of justice. *See Terman v. NCL (Bahamas), Ltd.*, No. 14-24727-CV, 2015 WL 3892508 at *1 (S.D. Fla. June 16, 2015).

Since the parties dispute the sequencing of discovery in this case, the Court must resolve the dispute. The Court agrees with Plaintiffs that Defendants should be required to give their deposition testimony based on their own documentation and recollection of the facts. Plaintiffs sufficiently allege the presence of unique circumstances that generate a concern that Defendants may tailor their testimony. *See Brown*, Case No. 15-21732-CV. These unique circumstances include the intricate structure of the investment funds and Cardinale's multiple roles in the

companies.

Defendants have not shown prejudice irremediable prejudice, as they will have an opportunity to conduct their own discovery. Discovery cut-off in this case is March 21, 2023. Also, Defendants' concerns that they may miss the November 8 deadline to amend pleadings or to add parties can be remedied. The deadline can be extended for good cause. Defendants are reasonably concerned that allowing Plaintiffs to depose Defendants first will result in repeated depositions after Plaintiffs obtain more information from interrogatories and requests for productions of documents. Plaintiffs should not be able to subject Defendants to repeated depositions on the same subject matter. That strategy would unnecessarily increase the time and expense of litigation. Since Plaintiffs have chosen to depose Defendants first, any additional depositions of Defendants would be governed by Fed. R. Civ. P. 30(b)(2).

Finally, to avoid further unnecessary delay in the discovery process, Defendants shall provide Plaintiff with six dates within the next four weeks for each of the Defendants' availability for deposition. As Plaintiffs have requested, and to further prevent unnecessary costs and delay, the depositions shall be conducted by Zoom or other electronic means. The parties and their counsel must also be mindful of their obligations to facilitate the efficient progress of this case. The Introductory Statement of the Local Rules provides that "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility . . . [and] [i]t remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice."

With regard to the pending motions to quash filed by Davick Capital and Titan

Communications, the Court will enter a separate order.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Order Concerning Timing and Sequence of Discovery Under Fed. R. Civ. P. 26(d)(3) [ECF No. 41] is **GRANTED**. Plaintiffs may conduct the depositions of Defendants before other discovery is produced.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of October 2022.



LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**