**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80153-CIV-COHN/SNOW

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) |
| DARREN SILVERMAN and MATTHEW BRENNER, | ) |
| Defendants. | ) |

FILED by ______ D.C.
MAY 07 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT DARREN SILVERMAN**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") commenced this action by filing its Complaint against, among others, Defendant Darren Silverman ("Defendant"). In its Complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by the Defendant of Sections 5(a), 5(c), 17(a)(1), 17(a)(2) and 17 (a)(3) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5, thereunder, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), an order prohibiting Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to filed reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), an order providing for disgorgement and prejudgment interest thereon, and imposition of a civil money penalty against Defendant pursuant to Section 20(d) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209(e) of the Advisers Act.

19
TK

Defendant, by the Consent affixed hereto, without admitting or denying any of the allegations in the Commission's Complaint or any other paper filed herein, except as to the jurisdiction of this Court, has agreed to the entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"). This Court having accepted such Consent and this Court having jurisdiction over the Defendant and the subject matter hereof, and the Court being fully advised in the premises.

**I.**

**SALE OF UNREGISTERED SECURITIES IN**
**VIOLATION OF SECTION 5 OF THE SECURITIES ACT**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**II.**

**FRAUD IN VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) knowingly employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

(c) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such

security, in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

## III.

## FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

IV.

**FRAUD IN VIOLATION OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, by the use of any means or instrumentality of interstate commerce or of the mails:

(a) employing any device, scheme or artifice to defraud any client or prospective client;

(b) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client, in violation of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

V.

**CONTROL PERSONS' LIABILITY UNDER SECTION 20(a) OF THE EXCHANGE ACT**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, controlling any person who violates Section 10(b) of the

Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder by:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## VI.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. §78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. §78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. §78o(d).

## VII.

## DISGORGEMENT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall

disgorge, with prejudgment interest, all ill-gotten profits or proceeds that he received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint. The dollar amount of disgorgement shall be reached by agreement of the parties or, if the parties are unable to reach agreement, the amount shall be determined by the Court upon the Commission's motion. Defendant may not, by way of defense to such a motion, challenge or otherwise contest the allegations of the Complaint, which shall be deemed true by the Court for purposes of this motion. Nothing in this Judgment shall prevent Defendant from presenting evidence regarding the amount of disgorgement sought by the Commission in such motion.

**VIII.**

**PENALTIES**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the amount of civil penalties, if any, that Defendant shall be required to pay pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e) in connection with the activities described in the Commission's Complaint, shall be determined by the Court upon the Commission's motion. Defendant may not, by way of defense to such a motion, challenge or otherwise contest the allegations of the Complaint, which shall be deemed true by the Court for purposes of this motion. Nothing in this Judgment shall prevent Defendant from presenting evidence of factors mitigating against the imposition of a civil penalty, or its amount.

**IX.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall

retain jurisdiction over this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

Dated this 7th day of MAY, 2004.

**THE HONORABLE JAMES I. COHN**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Scott A. Masel, Senior Trial Counsel
Walter J. Mathews, Senior Counsel
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
***Counsel for Securities and Exchange Commission***

David Feingold, Esquire
Feingold & Kam
3300 PGA Blvd., Suite 410
Palm Beach Gardens, FL 33410
***Counsel for Defendants***