UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

DCG Boca, LLC, *et al.*,

Debtors.

Case No. 24-10601-EPK
Chapter 7
(Jointly Administered)[1]

_____/

**CLR ADMIN SERVICES, LLC AND DAVID FEINGOLD'S
MOTION TO COMPEL ROBERT GIARDINA TO COMPLY WITH SUBPOENA**

CLR Admin Services, LLC ("CLR") and David Feingold ("Feingold") (collectively, the Movants"), by and through undersigned counsel, hereby file this Motion to Compel Robert Giardina, and states as follows:

**Factual Background**

1. On January 23, 2024, DCG Boca LLC ("Debtor") filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

2. Nicole Mehdipour is the Ch. 7 trustee in each of the DCG Bankruptcy Cases.

3. Upon information and belief, pre-petition Robert Giardina ("Giardina") played a prominent role in the DCG entities, including being a signer on certain DCG bank accounts and distributing funds.

4. On May 22, 2024, a subpoena was filed to obtain documents and deposition testimony from Giardina. (ECF No. 84) (the "Subpoena").

---

[1] In re DCG Boca LLC, No. 24-10601-EPK (Bankr. S.D. Fla.) ("DCG Boca Bankruptcy"); In re DCG Florida, LLC, No. 24-10603-EPK (Bankr. S.D. Fla.) ("DCG FL Bankruptcy"); In re DCG New Jersey LLC, No. 10604-MAM (Bankr. S.D. Fla.) ("DCG NJ Bankruptcy"); In re DCG New York LLC, No. 10605-MAM (Bankr. S.D. Fla.) ("DCG NY Bankruptcy"); In re DCG Staten Island LLC, No. 24-10607-EPK (Bankr. S.D. Fla.) ("DCG SI Bankruptcy"); In re DCG Texas LLC, No. 24-10608-EPK (Bankr. S.D. Fla.) ("DCG TX Bankruptcy") (collectively, "DCG Bankruptcy Cases").

1

5. On May 25, 2024, the Subpoena was served on Giardina. See attached proof of service at **Exhibit "1"**. This was the 1st successful service on Giardina who evaded prior attempts. Mr. Giardina is a party to a multitude of other litigation and government agency proceedings.[2]

6. The Subpoena set a production deadline of June 21, 2024 and offered the convenience of providing the responsive documents electronically (the "Production Deadline"). Additionally, the Subpoena set a deposition for July 8, 2024.

7. Despite service and his key role in the DCG Entities, Mr. Giardina failed to contact undersigned nor produce any documents in response to the Subpoena. The Production Deadline has come as gone.

8. Notably, Mr. Giardina has appeared in other Florida based litigations through counsel which reflects his bad faith refusal to comply with or respond to the Subpoena.

9. Unfortunately, Mr. Giardina has continued his evasive tactics and therefore the Movants seek to compel his compliance with the Subpoena.

## **RELIEF REQUESTED**

10. By this Motion, the Movants respectfully requests that this Court enter an Order compelling Giardina to immediately furnish the documents and communications listed in the

---

[2] *See Fleetwood Servs., LLC v. Ram Capital Funding, LLC,* 20-cv-5120 (LJL), 2022 U.S. Dist. LEXIS 100837, at *16-18 (S.D.N.Y. June 6, 2022) (describing RCG and Giardina's *modus operandi* by reference to two other actions, one filed by the New York Attorney General, and one by the Federal Trade Commission, in which, like the *Fleetwood* action, individuals threatened merchants with physical violence); *see also FTC Action Results in Ban for Richmond Capital and Owner From Merchant Cash Advance and Debt Collection Industries and Return of More Than $2.7M to Consumers*, (describing settlement of FTC action against Robert Giardina and RCG Advances, LLC, an entity co-owned by Messrs. Giardina and Cardinale, which action involved making violent threats to small businesses and their owners and submitting false documents to the court, and culminated in entry of an order banning Mr. Giardina and RCG Advances, LLC from, *inter alia*, participating in any debt collection activity); *see also* https://ag.ny.gov/press-release/2024/attorney-general-james-announces-historic-judgment-against-predatory-lender; *see also* https://www.ftc.gov/legal-library/browse/cases-proceedings/192-3252-rcg-advances-llc. *See also* **Exhibit "2".**

2

Subpoena issued by the Movants and find that all objections have been waived.

## **LEGAL ARGUMENT**

11.     Local Rule 2004-1(B) provides that requests for production of documents may be construed as requests under Bankruptcy Rule 7034. Pursuant to Federal Rule 37, made applicable by Bankruptcy Rule 7037, a party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Federal Rule 34 or provides an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3)(B)(iv) and (a)(4). Where a party fails to object or provide an explanation as to why documents cannot be produced in response to a Rule 2004 Subpoena, Bankruptcy Courts have ordered that they must be produced. See Motion to Compel Hearing Transcript, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 22, 2021), Docket No. 169 at 12:10–16; Order Granting Amended Emergency Motion to Compel the Production of Documents and For Attorneys Fees and Costs, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 24, 2021) (Russin, J.), Docket No. 124.

12.     Accordingly, the Movants seek entry of an Order compelling Giardina to immediately produce all requested documents and communications responsive to the Subpoena.

WHEREFORE, for the reasons set forth above, David Feingold respectfully requests the Court enter an Order:

(a)     Granting the Motion;
(b)     Compelling Giardina's immediate compliance with the Subpoena;
(c)     Finding that all objections have been waived.
(d)     Awarding Fees and Costs to the Movants; and
(e)     granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted June 25, 2024.

**BEIGHLEY, MYRICK,
UDELL, LYNNE + ZEICHMAN, PA**

        2385 Executive Center Drive, Suite 250
        Boca Raton, FL 33431
        Phone: 561-549-9036
        Fax: 561-491-5509
        tzeichman@bmulaw.com
        By:    /s/ Thomas G. Zeichman
            THOMAS G. ZEICHMAN
            Florida Bar No. 99239

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of June, 2024, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF.

        Respectfully submitted,

        By:    /s/ Thomas G. Zeichman
            THOMAS G. ZEICHMAN
            Florida Bar No. 99239